IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| CHAD BREWBAKER, | ) | |
| | ) | NO. 4:16-cv-00351-SMR-HCA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | INITIAL REVIEW ORDER |
| | ) | |
| TOM MILLER; ERIC TABOR; JORDAN ESBROOK; and DIANE STAHLE, | ) ) | |
| | ) | |
| Defendants. | ) | |

This Complaint was received by the United States District Court for the Southern District of Iowa via email addressed to the Attorney Registration Administrator. [ECF No. 1]. In the email, Plaintiff seeks to file an ethics complaint concerning the above-named Defendants. Plaintiff also attaches an undated document that appears to be a state court filing in *State v. Brewbaker*, SMSM067180 (Iowa Dist. Court for Story County). [ECF No. 1-1].

"All documents submitted to the Clerk of Court for filing by parties proceeding pro se must be in paper form." LR 5.2.c. Plaintiff only submitted his documents via email. The record reflects that a Clerk of Court representative asked Plaintiff to provide his mailing address so that the Complaint could be filed. Plaintiff responded that his address was publicly available and that he would come to the Courthouse if needed to sign any documents. Under the local rules, the following information must appear under the filer's signature: Name, Mailing address, Telephone number, Facsimile number, and E-Mail address. LR 11. In addition to failing to provide this information, Plaintiff's filing is unsigned.

Further, this Court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction in each case. *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir.

1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."); *see also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (reiterating *Sanders's* admonition for district courts to establish basis of jurisdiction).  Plaintiff makes no allegation of jurisdiction whatsoever.

Finally, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350."  28 U.S.C. § 1914(a).  A court may also authorize the commencement of a lawsuit without the full prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Plaintiff has failed to pay any filing fee.  Neither has he sought permission to proceed in forma pauperis.

For all of these reasons, the Complaint is dismissed without prejudice to Plaintiff filing a relevant complaint, if appropriate, in the future.  As Plaintiff failed to provide any mailing address, the Clerk of Court is not responsible for identifying a possible address or sending a copy of this Order to Plaintiff.

**IT IS SO ORDERED**.

Dated this 7th day of July, 2016.

_____
STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE